IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| JANE DOE (L.A.), an individual,<br><br>*Plaintiff*,<br><br>v.<br><br>G6 HOSPITALITY, LLC; G6 HOSPITALITY IP, LLC; G6 HOSPITALITY PROPERTY, LLC; G6 HOSPITALITY PURCHASING, LLC; G6 HOSPITALITY FRANCHISING, LLC; and MOTEL 6 OPERATING, L.P.,<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 1:24-CV-00515<br>JUDGE MICHAEL J. TRUNCALE |

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO STAY PROCEEDINGS PENDING MEDIATION**

Before the Court is Plaintiff Jane Doe's ("Plaintiff") Motion to Stay Proceedings Pending Mediation ("Motion"). [Dkt. 47]. The Court has considered the Motion, all other relevant filings, and the applicable law. For the reasons stated below, the Court **GRANTS** Plaintiff's Motion to Stay Proceedings Pending Mediation.

Plaintiff's counsel—Babin Law, LLC and Byrd & Ramsey, LLC—represent individual plaintiffs against Defendants G6 Hospitality, LLC, G6 Hospitality Property, LLC, G6 Hospitality Franchising, LLC, G6 Hospitality IP, LLC, G6 Hospitality Purchasing, LLC, and Motel 6 Operating, L.P. (collectively, the "G6 Defendants") in nine different cases before this Court. *Id.* at 2–3. Jones Day represents Defendants in six of these cases. *Id.* at 2. The parties in each of the Jones Day cases have entered complex settlement discussions with a private, third-party mediation firm.

*Id.* at 3.[1] Plaintiff seeks to stay this case until December 4, 2026.[2] *Id.* at 4. Plaintiff argues that this brief stay will facilitate mediation by allowing the parties to focus on settlement discussions instead of litigation obligations. *Id.* The G6 Defendants oppose the Motion and argue that Plaintiff has failed to demonstrate a genuine necessity for the stay. *See generally* [Dkt. 49]. Having considered the parties' arguments and relevant case law, the Court grants Plaintiff's Motion.[3]

"The district court has the inherent power to control its own docket, including the power to stay proceedings." *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005) (citations omitted). "Management of the Court's docket requires 'the exercise of judgment, which must weigh competing interests and maintain an even balance.'" *ExitExchange Corp. v. FriendFinder Networks, Inc.*, No. 2:13-396-JRG, 2014 WL 12600836, at *1 (E.D. Tex. Mar. 31, 2014) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Courts in the Fifth Circuit consider three factors when determining whether to grant a stay: "(1) the potential prejudice to the non-moving party if the stay is granted; (2) the hardship to the moving party if the stay is denied; and (3) the interests of judicial economy and efficiency." *Wapp Tech Ltd. P'ship v. Apple Inc.*, No. 4:25-cv-230, 2026 WL 1195045, at *6 (E.D. Tex. May 1, 2026) (citations omitted).

Addressing the first factor, the G6 Defendants assert that a stay here would prejudice them in other cases "on the verge of dismissal." [Dkt. 49 at 3]. They argue that Plaintiff's Motion "reflects a transparent effort to forestall dismissal, not a genuine need to stay pending mediation."

---

[1] The G6 Defendants assert that two of the Jones Day cases are "not subject to mediation discussions at all" because they are "ripe for dismissal with prejudice." [Dkt. 49 at 1]. But neither case has been dismissed.

[2] Plaintiff asks for a stay until "December 4, 2027" but states that this date is "approximately 90 days from the date of this Motion." [Dkt. 47 at 4]. Given that the Motion was filed on October 4, 2026, and that Plaintiff's proposed order stays the action until "December 4, 2026," the Court understands Plaintiff as seeking a stay until December 4, 2026 (61 days from the date of the Motion).

[3] Plaintiff's counsel has filed similar motions in other pending Jones Day cases, and the Court has granted them. *See Doe (R.R.G.) v. G6 Hospitality, LLC*, No. 1:24-cv-00531-MJT (E.D. Tex. Oct. 26, 2026); *Doe (S.D.) v. G6 Hospitality, LLC*, No. 1:24-cv-00452-MJT (E.D. Tex. Oct. 26, 2026); *see also* [Dkt. 47 at 4].

*Id.* However, no case-dispositive motions are pending in *this* case. And a stay here will not modify deadlines in any other action.

Moreover, the Court finds that Plaintiff's requested stay is of reasonable duration. Courts in this district are more amenable to granting brief stays than long-term or indefinite ones. *See, e.g.*, *Traffic Information, LLC v. Huawei Techs. Co.*, No. 2:10-cv-145, 2012 WL 12892435, at *4 (E.D. Tex. May 30, 2012) (granting a stay of "limited duration" and noting that the stay's limited nature "alleviates . . . concerns" of potential prejudice). Here, Plaintiff's requested stay is quite short—only 61 days from the date of the Motion. [Dkt. 47 at 4]. Such a limited stay is unlikely to disturb the parties' September 2027 trial date or meaningfully hamper litigation efforts should the ongoing settlement discussions prove fruitless. *See* [Dkt. 46]. Therefore, the first factor favors a stay.

In her Motion, Plaintiff did not address whether she would be harmed absent a stay beyond alleging that a "significant amount of judicial and party resources is about to be spent" and that "those resources . . . could [instead] be allocated toward settlement." *See* [Dkt. 47 at 7]. And while Plaintiff argues in her reply that "she will be harmed absent a stay because of . . . impending litigation deadlines" since "[l]itigation is challenging emotionally and mentally on a survivor of sex trafficking," Plaintiff provides too little too late. *See* [Dkt. 49 at 2]; *Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, No. 2:14-CV-911-JRG-RSP, 2015 WL 5786501, at *5 (E.D. Tex. Sept. 30, 2015) ("The Court does not consider arguments raised for the first time in a reply brief."); *Ashford Inc. v. Unite Here*, No. 3:15-CV-0262-M, 2015 WL 11121019, at *2 (N.D. Tex. May 12, 2015) (denying motion to stay where plaintiff "only detailed the usual inconveniences and costs that are associated with discovery practice" as the hardship plaintiff would suffer absent a stay).

However, given the limited nature of the requested stay, the Court does not find that the second factor weighs heavily against granting the Motion.

Finally, the third factor weighs in favor of a stay. Plaintiff argues that a stay will allow the parties to devote their time and resources to settlement discussions instead of ongoing litigation obligations, "increas[ing] the likelihood that the discussions will ultimately be successful" and preventing the parties and the Court from wasting time and money on a case that might be resolved through mediation in the near future. [Dkt. 47 at 4–5, 7]. In response, the G6 Defendants (1) cite the "danger of wasting party resources mediating cases on the verge of dismissal," (2) argue that Plaintiff cannot justify a stay merely because she desires to save money, and (3) conclude that Plaintiff "has failed to . . . argue why a stay would be necessary." [Dkt. 49 at 2–3].

As discussed above, the other G6 cases allegedly on the verge of dismissal have not been dismissed yet and do not impact whether a stay is justified in this case. Additionally, Plaintiff does not ask for a stay just so she can save money—she argues that a temporary stay will facilitate settlement by keeping the parties' focus on mediation rather than litigation deadlines. Accordingly, Plaintiff has shown that a temporary stay promotes judicial economy and efficiency.

For the reasons stated above, the Court **GRANTS** Plaintiff's Motion to Stay Proceedings Pending Mediation. [Dkt. 47]. It is **ORDERED** that all actions and deadlines in this matter are **STAYED** until December 4, 2026. The parties are further **ORDERED** to file a Status Report on November 13, 2026.

**SIGNED this 3rd day of November, 2026.**

Michael J. Truncale
United States District Judge